*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-446

JUNE TERM, 2013

| | |
|---|---|
| Misty Bowen | APPEALED FROM: |
| | |
| | Superior Court, Chittenden Unit, |
| v. | Family Division |
| | |
| | |
| Terrel Spearman | DOCKET NO. 661-8-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from an order of the superior court, family division, denying a motion to modify parental rights and responsibilities. We affirm.

The underlying facts are set forth in Bowen v. Spearman, No. 2012-089 (Vt. Aug. 29, 2012) (unreported mem.) and may be briefly summarized as follows. Pursuant to a parentage order issued in October 2010, father was awarded sole parental rights and responsibilities for the parties' child, and mother was granted substantial parent-child contact. Claims by mother that father was withholding or hindering parent-child contact led to a motion to modify and a court hearing and decision in February 2012. Mother testified that father had failed to appear at the drop-off and pick-up location at the Essex police station on at least three occasions during the preceding month. Father disputed the claim, but the trial court found that father's version of the events was not credible, and that he had violated court orders specifying the time and location for transferring the child. The trial court further concluded that father's behavior constituted a substantial and unanticipated change of circumstances, and supported a transfer of custody to mother. Slip op. at 1. We affirmed, rejecting father's claim that mother had lied at the hearing. As we explained, the trial court was in the best position to judge the credibility of witnesses, and the evidence was sufficient to support its finding that father had interfered with mother's visitation rights in violation of court orders, and its conclusion that this supported a transfer of custody. Id. at 2. Accordingly, we affirmed the judgment.

One month after our decision, in September 2012, father filed a motion to modify parental rights and responsibilities. The motion was based on father's supporting affidavit alleging that the trial court's February 2012 decision transferring custody to mother was based on "lies [mother] told the judge" concerning the drop-off and pick-up at the Essex police station. The trial court denied the motion, noting that its earlier ruling had been affirmed by this Court. This pro se appeal by father followed.

Father renews his claim that mother lied to the court about the drop-off and pick-up events at the Essex police station which led to the transfer of custody. As the trial court noted, however, this issue was resolved in its earlier February 2012 ruling, and we affirmed that ruling

on appeal.  Thus, father's claim falls squarely within the scope of the rule precluding courts from reexamining issues previously decided in the same case by a higher appellate court.  See Coty v. Ramsey Assocs., 154 Vt. 168, 171 (1990) (defining law of the case doctrine).  As we have explained, if we were to regard the issue raised in this appeal "as still open for discussion and revision in the same cause, there would be no end to . . . litigation."  Id. (quotation omitted).  Accordingly, we affirm the trial court judgment on this basis.

Father's printed case contains documents related to instances where mother was not present at the Essex Police Department for transfer of the child at a scheduled time in connection with father's visitation.  According to the documents, the instances occurred in December of 2012 and January and February of 2013.  There is no indication that these documents are part of the record for this appeal, and, in any event, they are irrelevant to this appeal about events that occurred in February of 2012.  To the extent that father claims mother failed to appear for exchanges at the Essex Police station subsequent to the events involved in the  appeal in this case—as the documentation in his printed case suggests—he of course remains free to file a new motion for enforcement or modification in the trial court.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice